JOSEPH VEHUE, by *pro. ami,* vs. NAHUM PINKHAM.

*Infant—services—how estimated.*

An infant may repudiate his contract and recover from his employer what his services were reasonably worth under all the circumstances of the case.

Thus, in assumpsit for the recovery of such services, where it appeared that the plaintiff, contrary to orders, harnessed the defendant's colt to the defendant's wagon whereupon the bit broke, the colt became unmanageable and the wagon was injured, the jury may consider those circumstances in estimating the value of the plaintiff's services.

ON EXCEPTIONS.

ASSUMPSIT to recover for labor from Oct. 10, 1867, to July 25, 1868, $124.91.

The account annexed contained a credit by various articles furnished and supplied amounting to $84.91, leaving a balance of $40.

There was evidence tending to show that the plaintiff, nineteen years of age, first agreed to work for the defendant one month for $13; and then a year from the expiration of one month, for $130; that the plaintiff worked about nine months in all and quit.

At the trial the plaintiff being still a minor, repudiated his contract, and claimed to recover on a *quantum meruit* the balance stated as the reasonable compensation for his services.

It appeared that while the plaintiff was in the employment of the defendant, and during the latter's absence, the plaintiff, for his own gratification, harnessed the defendant's partially broken colt to the defendant's wagon; that the bit broke, the colt became unmanageable, and, running, threw the wagon against the barn and broke the wagon and harness.

The plaintiff claimed that the colt was harnessed by the permission and with the consent of the defendant; but the defendant testified that the colt was harnessed without his knowledge and against his orders.

The presiding judge instructed the jury,—

That the plaintiff, being a minor, had a right to repudiate his contract and recover what his services were reasonably worth, deducting therefrom what had been paid him by the defendant. And that if they should find that the colt was harnessed by the consent of the defendant, the plaintiff would not be liable to have the damages done by the same deducted from his wages; but if the colt was harnessed contrary to the defendant's orders, the jury might deduct the amount of the injury so done from the value of his services to the defendant.

The verdict was for the defendant, and the plaintiff alleged exceptions.

*H. L. Whitcomb*, for the plaintiff.

*Currier & S. Belcher*, for the defendant.

BARROWS, J. The jury were explicitly instructed that the minor was not bound by his contract, and was entitled to recover the value of his services, deducting what he had received from the defendant; and 'that if the colt was harnessed with the consent of the defendant, the plaintiff would not be liable to have the damage deducted from his wages; but if plaintiff harnessed the colt contrary to the defendant's orders, the jury might deduct the amount of the injury so done from the value of his services to the defendant.'

The phraseology of this last instruction was faulty; but we do not perceive that the plaintiff could have been wronged thereby. It was what his services were reasonably worth under all the circumstances of the case that he was entitled to recover. If by his negligence or disobedience of orders he broke his employer's tools or damaged his property, his services were manifestly worth just so much less. The proper instruction would have been that the jury might consider such circumstances in estimating the value of his services.

Practically, however, the effect of the instruction given was precisely the same. The plaintiff was not injured by the failure of the presiding judge to use language that was technically correct.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, WALTON, DANFORTH, and TAPLEY, JJ., concurred.